# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:05cv423

| | | |
|---|---|---|
| FOREST2MARKET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| AMERICAN FOREST MANAGEMENT, | ) | |
| INC., FOREST RESOURCE | ) | |
| CONSULTANTS, INC., F & W | ) | |
| FORESTRY SERVICES, INC. and | ) | |
| PETERS FOREST RESOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc.22] and the Defendants' Objections [Doc.44] to the Memorandum and Recommendation [Doc.42] of Magistrate Judge David Keesler as to said Motion.  Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Court referred the Defendants' Motion to Dismiss [Doc.22] to the Magistrate Judge for a recommendation as to its disposition.  Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, and for the reasons set forth below, the Court hereby adopts the

Magistrate Judge's Memorandum and Recommendation. [Doc.42].

Accordingly, the Defendants' Motion to Dismiss [Doc.22] will be **DENIED**.

**PROCEDURAL HISTORY AND ALLEGATIONS OF THE COMPLAINT**

On October 5, 2005, the Defendants removed this matter from the North Carolina Superior Court for Mecklenburg County where the Plaintiff had initiated its action on September 2, 2005. [Doc. 1]. Defendants, all of whom consented to the removal, alleged both diversity and federal question jurisdiction. [Id.].

In the Complaint, Forest2Market, Inc. alleges that it developed an interactive internet website for use in the forest and wood products industries. [Doc. 20 at ¶8]. The site was developed by outside consultants as well as computer technicians which are employed by the Plaintiff. [Id.]. Companies pay a yearly membership fee for access to the website. [Id., at ¶10]. In essence, Forest2Market developed a means for providing "real time" information about timber prices, sales and availability in the southeast, Arkansas, Oklahoma and Texas. [Id., at ¶11]. Any potential customer or member of the website must acknowledge, agree and accept the terms of conditions for use of the site. [Id., at ¶13]. Among those

conditions is acceptance of a license agreement which provides in

pertinent part:

> access to and all use of the Forest2Market.com *database and other services* available on the site and all data provided thereby is subject to the terms and conditions set forward in this agreement.  By clicking the accept button and accessing these services, you and all persons in your organization ("user") agree to abide by the following terms and conditions.
>
> ...
>
> [*Services and information*] may not be published, redistributed or disseminated either in whole or in part outside of user's organization without the prior written approval of Forest2Market.  A registered user is permitted to store, reformat, print and display the *services and information* only for its personal use and may not otherwise copy, modify, adapt, publish, retransmit, redistribute, lend, sell, sublicense or otherwise use or transfer the *services and information*.  Users may not modify, reverse engineer, disassemble or create any derivative work based on the *services and information* or any portion thereof.
>
> ...
>
> [A]ll proprietary rights (including but not limited to any trademarks and trade secrets) in *services and information* are and shall remain the sole and exclusive property of Forest2Market[.] ...  User expressly agrees and acknowledges that the *services and information* ... constitute the valuable intellectual property of Forest2Market[.]  User agrees to protect the trademarks, copyrights, trade secrets and other proprietary rights of Forest2Market[.]

[Id., at ¶15-17] (emphasis provided).

Each of the Defendants entered into this license agreement with the

Plaintiff.  [Id., at ¶19-22].  After having been Forest2Market customers, the

Defendants joined forces to purchase TimberMarketReport.com and

3

redesigned that website to emulate that of the Plaintiff, providing the same services and information as the Plaintiff. [Id., at ¶24]. That site is "identical in its look, feel, use, formation and services" to that of the Plaintiff. [Id.].

In its Complaint, the Plaintiff alleged that each of the Defendants breached the license agreement by the formation of this new website because, in violation of the terms of that license agreement, the Defendants used the same "services and information" which had been provided during their membership with the Plaintiff. [Id., at ¶26-30]. As a second claim, the Plaintiff alleged that the Defendants violated that portion of the license agreement in which each agreed "to protect the trademarks, copyright, trade secrets and other proprietary rights of Forest2Market[.]" [Id., at ¶33]. The Defendants, it is alleged, misappropriated trade secret information from the Forest2Market website which they then used for their own advantage by the formation of their own website. [Id., at ¶34]. The third cause of action alleges unfair and deceptive trade practices because the Defendants, while acting under the guise of being Plaintiff's customers, stole proprietary information to use for its own website. [Id., at¶38]. As an alternative claim, the Plaintiff sought relief for unjust enrichment in the event that no valid contract exists. [Id., at ¶42]. Again, it is alleged that the

Defendants used deception to gain access to the information and services provided in order to form their own competing business. [Id.].

The Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that the state law claims are preempted by federal copyright law.[1]  [Doc. 23].  Defendants also argue that since each claim is preempted by copyright law, the Plaintiff lacks standing to bring a lawsuit for copyright infringement because it has not alleged that it owns a certificate or registration for copyright.[2]

The Magistrate Judge concluded that Plaintiff had adequately alleged that the "services and information" offered on Plaintiff's website do not fall within the subject matter of copyright law, the state law claims are not preempted by federal copyright law, and since the Plaintiff has not

---

[1]In their motion, the Defendants referred extensively to matters outside the Complaint.  The Magistrate Judge appropriately excluded those matters from consideration rather than convert the motion to one for summary judgment.  Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  Likewise, the Court herein excludes such matters from consideration.  The issue before the Court on the Defendants' pending motion is whether the Plaintiff *in the Complaint* has stated a claim upon which relief can be granted, not whether the Defendants can present a forecast of evidence to defeat such claim.

[2] In making this argument the Defendants argue, in substance, that the Plaintiff's claim *must* be brought as a copyright claim (because of preemption), but Plaintiff's claim *cannot* be brought as a copyright claim (for failure of registration), and therefore the Plaintiff has no claim.  The Plaintiff has not asserted a claim for copyright infringement in the Amended Complaint.

asserted a claim for copyright infringement, that Plaintiff's failure to register a copyright did not bar Plaintiff's standing to bring this claim. The Magistrate Judge therefore recommended that the Motion to Dismiss be denied. The Defendants have objected.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), *overruled on other grounds* Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). To the extent that a party asserts claims in the objections which were not asserted in support of or in opposition to the motion, *de novo* review is not warranted. Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997)(claims cannot be raised for the first time in objections to a memorandum and recommendation); Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). This Court

therefore does not conduct a *de novo* review of those portions of the

Memorandum and Recommendation to which non-specific objections have

been filed.

## DISCUSSION

The Defendants' have not objected to the Magistrate's statement of

the applicable law which is briefly reiterated.

The Copyright Act, 17 U.S.C. §301(a), preempts state law claims if

two requirements are met.  Rosciszewski v. Arete Associates, Inc., 1 F.3d

225, 229 (4ᵗʰ Cir. 1993) (citations omitted).  First, the work must fall within

the "subject matter of copyright as specified in 17 U.S.C. §§102[3], 103"[4] of

the Act.  Id.  Second, if the work falls within that subject matter, "the rights

granted under state law [must be] equivalent to any exclusive rights"

granted by copyright law.  "The work in question need not actually be

copyrighted to come within the subject matter of the Act."  Innovative

---

[3]§102 provides copyright protection for original works of authorship, including
literary, musical, dramatic, pantomime, choreographic, pictorial, graphic, sculptural,
motion pictures and other audiovisual works; sound recordings and architectural works.
17 U.S.C. §102(a).  It does not provide such protection to ideas, processes, systems, or
methods of operation.  17 U.S.C. §102(b).

[4]§103 relates to derivative work.

Medical Products, Inc. v. Felmet, 472 F.Supp.2d 678, 683 (M.D.N.C.

2006).

> Section 106 of the Copyright Act "affords a copyright owner the
> exclusive right to: (1) reproduce the copyrighted work; (2) prepare
> derivative works; (3) distribute copies of the work by sale or
> otherwise; and with respect to certain artistic works, (4) perform the
> work publicly; and (5) display the work publicly." In order to ascertain
> whether a specific state cause of action involves a right equivalent to
> one of those identified in §106, reference must be made to the
> elements of the state cause of action. State-law claims that infringe
> one of the exclusive rights contained in §106 are preempted by
> §301(a) if the right defined by state law "'may be abridged by an act
> which, in and of itself, would infringe one of the exclusive rights.'"
> However, "if an 'extra element' is 'required instead of or in addition to
> the acts of reproduction, performance, distribution or display, in order
> to constitute a state-created cause of action, ... there is no
> preemption,'" provided that "the 'extra element' changes the 'nature
> of the action so that it is *qualitatively* different from a copyright
> infringement claim.'"

Rosciszewski, 1 F.3d at 229-230 (emphasis in original) (citations omitted).

Where a "work" falls within the subject matter of copyright law, the

Copyright Act provides that no action for infringement may be brought until

the copyright has been registered. 17 U.S.C. §411. A copyright owner,

however, may not escape the preemptive effect of the Copyright Act by

merely failing to register its copyright. Trandes Corp. v. Guy F. Atkinson

Co., 996 F.2d 655, 658 (4th Cir. 1993), *certiorari denied* 510 U.S. 965, 114

S.Ct. 443, 126 L.Ed.2d 377 (1993). In this case it is undisputed that the

Plaintiff has not registered a copyright in connection with its computer

program, the website or the services and information offered thereon.

The Defendants raise three objections to the Memorandum and

Recommendation.  The first is a technical objection to a characterization

made therein by the Magistrate Judge.  The Magistrate noted:

> Defendant asserts that Plaintiff's claims are preempted by the
> Copyright Act, specifically 17 U.S.C. §301, and that even if Plaintiff
> "had properly couched its Amended Complaint in terms of copyright
> infringement" that the case should be dismissed because Plaintiff
> lacks standing to maintain an infringement action in federal court
> because it has not registered a copyright claim pursuant to 17
> U.S.C.A. §411(a).
>
> Plaintiff has never stated a claim for copyright infringement or
> acknowledged that the "services and information" its website
> provides are copyrightable.
>
> ...
> *[I]t is undisputed that Plaintiff has neither applied for nor received, a*
> *copyright protecting the services or information provided by the*
> *Forest2Market.com website.*

[Doc. 42, <u>supra.</u>, at 4-5, 8] (emphasis provided).

Based on a narrow reading of the italicized quote, the Defendants

object, claiming that it is

> clear that Judge Keesler is confusing copyright existence with
> copyright registration.  Copyright exists automatically upon the
> creation and fixation of an original work of authorship in a tangible
> medium. ... Plaintiff's program and website were copyrights as soon
> as they were created.  While Plaintiff must apply for a copyright

registration on a copyrighted work to having standing to bring a copyright claim, whether Plaintiff has applied for or received a copyright **registration** is irrelevant to the applicability of the exclusive rights granted in Section 106 of the Copyright Act.  The exclusive rights granted in Section 106 of the Copyright Act are granted to owners of all **copyrighted** works, not just **registered** works.

[Doc. 44, at 2] (emphasis in original).

In making this objection the Defendant are narrowly reading one sentence which they have taken out of the context of the Magistrate Judge's opinion as a whole.  The Magistrate Judge acknowledged the Plaintiff's position that its services and information do not fall within the subject matter of copyright, whereupon Plaintiff did not seek registration. When one corrects the semantic error in this one sentence of the Memorandum and Recommendation wherein "copyright" and "copyright registration" are confused,[5] it remains clear that the Magistrate Judge correctly applied the applicable law.  This objection is rejected.

Defendants' second and third objections pertain to the Magistrate Judge's conclusions regarding the two prongs of the preemption analysis under <u>Rosciszewski</u>.  The Magistrate Judge held that neither prong was

---

[5]  This is the same semantic error found in the quote from <u>Innovative Medical Products, Inc. v. Felmet</u>, 472 F.Supp.2d at, 683 found <u>supra</u> at p.7.  There, just as in the Memorandum and Recommendation herein, it made no difference as to the proper application of the law.

met, and thus the Plaintiff's claims were not preempted by the Copyright

Act. Since both prongs of the test must be met in order for a state law

claim to be preempted, the failure of either of these objections must

necessarily result in the Defendants' objections being overruled and

Defendants' motion being denied.

As stated above, a state law claim is not preempted if such claim

includes an "extra element" that makes it qualitatively different from a

copyright infringement claim. <u>Rosciszewski</u>, 1 F.3d at 229-230. The

Magistrate Judge concluded that each claim asserted by the Plaintiff has

such an extra element and thus was not preempted. Defendants have not

actually objected to this conclusion. They only object to the Magistrate's

statement that the Defendants failed to explain which of the Plaintiff's

claims were the equivalent of a copyright claim.

> In fact, Defendants went through the Amended Complaint, paragraph by paragraph and quoted the language that sounded in copyright. Plaintiff's Amended Complaint is literally mired [sic] in the language of copyright.

[Doc. 44 at 5].

Assuming *arguendo* that the Defendants did as so noted, they do not

object to the Magistrate's conclusion that the state law claims for breach of

contract, misappropriation of trade secrets and unfair trade practices

contain an extra element worthy of removal from preemption. A review of the case law shows that this conclusion in the Memorandum and Recommendation is correct. See, *e.g.*, Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1989 (9th Cir. 2005) ("Most courts have held that the Copyright Act does *not* preempt the enforcement of contractual rights."), *citing*, Bowers v. Baystate Techs., Inc., 320 F.3d 1317, 1323-24 (Fed.Cir. 2003), *certiorari denied* 539 U.S. 928, 123 S.Ct. 2588, 156 L.Ed.2d 606 (2003); ProCD, Inc. v. Zeidenberg, 86 F.3d 1447 (7th Cir. 1996); Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 457 (6th Cir. 2001), *certiorari denied* 534 U.S. 1114, 122 S.Ct. 921, 151 L.Ed.2d 885 (2002); Taquino v. Teledyne Monarch Rubber, 893 F.2d 1488, 1501 (5th Cir. 1990); and Acorn Structures v. Swantz, 846 F.2d 923, 926 (4th Cir. 1988) ("Plaintiff's claim for breach of contract entails a distinct cause of action which is clearly not within the subject matter of copyright but arises out of the implicit contractual provisions of the design agreement."); *accord*, Davidson & Associate v. Jung, 422 F.3d 630 (8th Cir. 2005) (computer software designer's state law claims for breach of end user license agreement and terms thereof not preempted; users were free to contractually waive reverse engineering rights); Dun & Bradstreet Software Services, Inc. v.

Grace, 307 F.3d 197 (3rd Cir. 2002), *certiorari denied* 538 U.S. 1032, 123 S.Ct. 2075, 155 L.Ed.2d 1061 (2003) (misappropriation of trade secrets claim not preempted by Copyright Act where deception or breach of confidentiality involved), *citing* Gates Rubber Co. v. Bando Chem. Indus., 9 F.3d 823, 847-48 (10th Cir. 1993); *accord*, Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co., KG., 510 F.3d 77 (1st Cir. 2007); Stromback v. New Line Cinema, 384 F.3d 283 (6th Cir. 2004); Trandes Corp., 996 F.2d at 660; Innovative Medical Products, Inc., v. Felmet, 472 F.Supp.2d 678, 683 (M.D.N.C. 2006) (claim alleging breach of confidential relationship or deception stated unfair and deceptive trade practices claim which is not preempted by copyright); Chicago Bd. Options Exchange, Inc. v. International Securities Exchange, 2007 WL 604984 **5 (N.D.Ill. 2007) (claims for misappropriation and unfair competition not preempted).  Because the state law claim for breach of contract remains viable, it is unnecessary to address the claim for unjust enrichment at this point.  Acorn Structures, 846 F.2d at 927 ("We, however, find no occasion to resolve this matter here because at best [unjust enrichment] is only an alternative ground of action to that breach of contract which we have sustained.").

Since it has been concluded that each of the claims asserted by Plaintiff are not preempted by the Copyright Act because they overcome the second element of the preemption analysis, there is no need for the Court to address the Defendants' objections to the Magistrate Judge's conclusion as to the first element. The Magistrate Judge concluded that the "services and information" contained within Plaintiff's website are not copyrightable, and thus the Plaintiff's claims are not preempted for that reason as well. Defendant objected to this conclusion. The analysis, however, of whether the Plaintiff's work in the website, including the software, the information and services provided therein and the website itself are copyrightable involves a fact intensive review that is inappropriate in the context of a motion under Rule 12(b)(6). Since it has already been determined that the claims Plaintiff alleges in its Complaint are not preempted, the Court will not endeavor to conduct such review, particularly at the pleading stage.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 42] filed October 9, 2007 is hereby **ADOPTED**, and the Defendants' Objections thereto [Doc. 44] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss

[Doc. 22] is **DENIED**.

Signed: April 21, 2008

Martin Reidinger
United States District Judge